DISTRICT OF OREGON
**F I L E D**
**March 28, 2011**
Clerk, U.S. Bankruptcy Court

Below is an Order of the Court.

*RANDALL L. DUNN*
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )
**Gary Lyall Olson**                     ) Case No. **11-30133-rld13**
                                         )
                                         ) CONFIRMATION HEARING DATE **3/24/11**
                                         )         **Amended**
                                         ) **ORDER CONFIRMING PLAN**
Debtor(s)                                ) **AND RESOLVING MOTIONS**

The debtor's plan having been provided to creditors and the Court having found that it complies with 11 USC §1325, now, therefore IT IS ORDERED:

1. The debtor's plan dated **1/17/11**, as modified by any amendment shown in ¶11, is confirmed.

2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall report immediately, upon receipt of notice of the change, to the trustee if actual or projected gross annual income exceeds by more than 10% the gross income projected by the debtor in the most recently filed Schedule I.  Except for those amounts listed in the schedules, the debtor shall report immediately to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular monthly income) or other property which exceeds a value of $2,500.00.  This includes the right to disbursements from any source, including, but not limited to, bonuses and inheritances.  Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order.  The debtor shall not buy, sell, use, lease (other than a lease of real property in which the debtor will reside), encumber or otherwise dispose of any interest in:  (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee, with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority.  The debtor's failure to pay postpetition tax and/or domestic support obligations may constitute cause for dismissal of the debtor's Chapter 13 case under 11 USC §1307(c).

[**Note**:  Printed text may not be stricken]

4.  The debtor's attorney is awarded $**4500**_____ for attorney fees, of which $**1690**_____ previously has been paid by the debtor, leaving a balance of $**2810**_____ to be paid through the plan.

5.  The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in ¶11 below, only if a valuation motion(s) was included in the plan and served as required under FRBP 7004, or the allowed amount of the secured claim was fixed by consent of the concerned secured creditor.  In all other circumstances, the value of such collateral, if contested, shall be established through the claims process or otherwise, as provided in title 11 or the FRBP.  Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in ¶11 below.  The name and service address for each creditor affected by this paragraph are [**Note**: List alphabetically and only one creditor per line]:
**none**

6.  Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7.  (a) Pursuant to 11 USC §522(f)(1)(A) the court hereby avoids the following judicial liens [**Note**:  Listed alphabetically, and only one per line, include each creditor's name and service address]:
**none**

(b) Pursuant to 11 USC §522(f)(1)(B) the court hereby avoids the following non-purchase money liens [**Note**: Listed alphabetically, and only one per line, include each creditor's name and service address]:
**none**

8.  The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

9.  All payments under the confirmed plan shall be paid no later than 5 years after the date the first payment was due under 11 USC §1326(a)(1).  If all payments are not completed by that date, the case may be dismissed.

10.  All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

[**Note**:  Printed text may not be stricken]

11. The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [**Note**:  Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶5]:

**¶1(a)  CHANGE TO "$1160  X 9;  $1360 thereafter"**
**¶4 STRIKE "Oregon First Community Credit Union"**
**¶4 LINE BEGINNING WITH "Wells Fargo Auto Finance Inc." ADD "Paid by third party"**
**¶12 STRIKE ENTIRELY and ADD "Pursuant to §506, and within 60 days after confirmation, debtor(s) will file an adversary proceeding  or motion to avoid the junior lien held by Litton Loan Servicing in the real property located at 23385 SW Rosedale Rd Beaverton OR 97007.  Entry of the Order Confirming Plan is not res judicata with respect to this lien.  Any Judgment or Order avoiding such lien shall be void and such lien shall be reinstated if the case is dismissed or converted.  If the lien creditor has filed a secured claim and the lien is avoided, the claim will be treated as an allowed unsecured claim."**

12. Creditors with prepetition claims excepted from the debtor(s)' discharge are enjoined from initiating any collection actions against the debtor(s) until this case is closed, dismissed, or converted to another chapter under title 11, unless they obtain relief from this order.

13. The terms of this order are subject to any objection filed within 15 days by [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶¶ 5, 7 or 11]:
**none**

14. The trustee is authorized to commence disbursements in accordance with the plan.

15. In the event this case is converted to Chapter 7, and the Chapter 13 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the Chapter 13 trustee shall forward all such funds to the debtor, in care of the debtor's attorney, if any, 10 days after the first scheduled §341(a) meeting in the Chapter 7 case unless, prior to that date, the Chapter 7 trustee files and serves a written objection pursuant to 11 USC §348(f)(2). In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the Chapter 13 trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any.  Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

16. All mortgage creditors are granted relief from the automatic stay and co-debtor stay to negotiate with the debtor and co-debtor regarding modification of the underlying loan agreements, providing that any modification must receive the written consent of the trustee or be approved by order of the Court in order to become effective.  Negotiations with represented debtors must be with debtor's counsel who may consent to the creditor communicating directly with the debtor.

###

*I certify that on*   __3/25/11__   *I served this Order on the trustee for submission to the court.*

[To be completed if debtor's attorney elected to be paid per Schedule 2(b) on LBF #1305.] *I further certify under penalty of perjury that, through* _____ *[date], I have incurred hourly fees of $*_____*, and expenses of $*_____*, for a total of $*_____*.  I have contemporaneous time records and will provide an itemization of my fees and expenses to the Court or any party in interest in this case upon request.*

/s/George Hoselton
*Debtor or Debtor's Attorney*

Approved: /s/ M. Jack Fisher
Trustee

1350.05 (9/1/09) **Page 3 of 3**    [**Note**:  Printed text may not be stricken.]